IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,785-01






EX PARTE HUGO ISRAEL MARTINEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-35,031-A IN THE 161ST JUDICIAL DISTRICT COURT


FROM ECTOR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession with
intent to deliver a controlled substance, and was sentenced by a jury to sixteen years' imprisonment. 
 Applicant contends that his trial counsel rendered ineffective assistance because counsel told
him that he would file an appeal on his behalf, but then withdrew from the representation without
informing Applicant. Applicant made a pro se request for appointment of appellate counsel when
he found out that trial counsel had withdrawn, but appellate counsel was not appointed until after
the deadline for filing notice of appeal had passed. Applicant's appeal was dismissed for want of
jurisdiction.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain affidavits from trial counsel and appellate counsel responding to Applicant's claim of
ineffective assistance of counsel on appeal. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's trial counsel told him
that he would file an appeal on his behalf and as to whether Applicant made it known that he wanted
to pursue a direct appeal. The trial court shall make findings as to when trial counsel was permitted
to withdraw from the representation, and as to whether Applicant was informed when trial counsel
withdrew. The trial court shall make findings as to whether Applicant was denied his right to a
meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: December 14, 2011

Do not publish